**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION**

**LUIS ALBERTO TIRADO GARCIA,**
**ERIN MARIE GARCIA,**
7746 Schooner Drive
Lusby, MD 20657
Calvert County, Maryland
*Plaintiffs,*

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**,
U.S. Citizenship & Immigration Services, 5900 Capital Gateway Dr.
Camp Springs, MD 20588

**JOSEPH B. ELDOW**, Director, U.S. Citizenship and Immigration Services
U.S. Citizenship & Immigration Services, 5900 Capital Gateway Dr.
Camp Springs, MD 20588

**U.S. DEPARTMENT OF HOMELAND SECURITY,**
U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave. SE
Washington, DC 20528
**MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security**
U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave. SE
Washington, DC 20528
*Defendants.*

Civil Action No.: 26-3758

**COMPLAINT**

## I. INTRODUCTION:

This action is brought by Plaintiffs Luis Alberto Tirado Garcia and Erin Marie Garcia to compel U.S. Citizenship and Immigration Services ("USCIS") to adjudicate their pending Form I-130, Petition for Alien Relative, receipt number IOE9823993476, which USCIS received on December 20, 2024. Plaintiffs seek only a decision on the petition that USCIS is required to provide and must approve if the facts stated in the I-130 petition are true and Luis is an immediate relative of a U.S. citizen spouse. USCIS has not adjudicated the petition for nearly two years.

## II. PARTIES:

1. Plaintiff Erin Marie Garcia ("Petitioner") is a United States citizen and the petitioner on the Form I-130. She resides in Calvert County, Maryland.
2. Plaintiff Luis Alberto Tirado Garcia ("Beneficiary") is the beneficiary of the Form I-130. He is a citizen of Mexico and resides in Calvert County, Maryland, and the spouse of the U.S. citizen Petitioner.
3. Defendant U.S. Citizenship and Immigration Services is a component of the U.S. Department of Homeland Security ("DHS") responsible for adjudicating Form I-130 petitions. Defendant Joseph B. Edlow is the Director of USCIS and is sued in his official capacity. The Director is further authorized to delegate powers and authority to subordinate USCIS employees. *See* 8 U.S.C. § 1103(a)(4).
4. Defendant U.S. Department of Homeland Security is the federal department responsible for administering and enforcing the immigration laws, including through USCIS. Defendant Markwayne Mullin is the Secretary of Homeland Security and is sued in his official capacity.

## III. JURISDICTION:

5. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and mandamus jurisdiction under 28 U.S.C. § 1361. The Administrative Procedure Act ("APA") supplies the cause of action and remedial authority for agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. §§ 555(b), 706(1). And 5 U.S.C. § 702 waives sovereign immunity for appropriate relief. Jurisdiction is also conferred by 5 U.S.C. § 704 because the Plaintiffs are aggrieved by adverse executive agency action, or inaction as the case may be, as the Administrative Procedure Act requires in order to confer jurisdiction on the District Courts. *See* 5 U.S.C. §§ 702, et seq.

6. The Court may grant appropriate declaratory and equitable relief under 28 U.S.C. §§ 2201 and 2202. Plaintiffs do not ask the Court to decide the merits of the I-130 petition, to adjudicate any related application for immigration benefits, or to direct the course of the removal proceedings.

7. Plaintiffs have standing because Petitioner is the I-130 petitioner and Beneficiary is the beneficiary who seeks to adjust status but requires an approve I-130 to do so. USCIS administratively closed Beneficiary's related Form I-485, receipt number IOE0933967655, because USCIS lacks jurisdiction to adjudicate adjustment of status while removal proceedings are pending, and an approved I-130 is required before the Immigration Court can adjudicate that I-485. The requested order would redress Plaintiffs' injury by requiring USCIS to issue a decision on the I-130.

8. Plaintiffs invoke the Court's jurisdiction so that Defendants perform the duty to adjudicate the petition within a reasonable time. And the limitations of jurisdiction under 8 U.S.C. § 1252(a)(2)(B) does not bar review of the separate failure to take the discrete, nondiscretionary

action of issuing a decision on the I-130. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004). Under 8 U.S.C. § 1154(b), the government "shall" approve the petition for "an immediate relative" if the "facts stated in the petition are true[.]"[1]

## IV. VENUE:

9. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because this is a civil action against agencies of the United States and against officers of the United States sued in their official capacities, Plaintiffs reside in Lusby, Calvert County, Maryland, which lies within the Southern Division of this District, and no real property is involved in the action.

## V. REMEDY SOUGHT:

10. Plaintiffs seek an order requiring Defendants and their subordinates to review and issue a final determination on Form I-130, receipt number IOE9823993476, within a reasonable period set by the Court.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

11. No administrative remedy provides Plaintiffs with a means to compel USCIS to adjudicate the pending I-130. Plaintiffs therefore seek judicial relief to compel the discrete agency action of adjudication.

[1] Although many provisions of the Immigration and Nationality Act state the "Attorney General" shall conduct certain acts, the Homeland Security Act of 2002, 6 U.S.C. § 101 *et seq*., transferred many enforcement and immigration-related authorities to the Secretary of the Department of Homeland Security, and inferior offices and officers (including USCIS), and such authorities include the power to approve a Form I-130 petition.

**COUNT I**
**APA — UNREASONABLE DELAY IN ADJUDICATION**
**5 U.S.C. §§ 555(b), 706(1)**

12. Plaintiffs reallege the preceding paragraphs.

13. USCIS has a duty to adjudicate properly filed immigration petitions and issue a decision within a reasonable time. 8 U.S.C. § 1154(b) (noting the government "shall" approve immediate relative petitions if the facts stated in the petition are true). The APA provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). "[B]y using the term 'shall' in requiring that the courts compel action unlawfully withheld or unreasonably delayed, Congress imposed a mandatory duty in that regard." *Saini v. U.S. Citizenship & Immigr. Servs.*, 553 F. Supp. 2d 1170, 1176 (E.D. Cal. 2008) (nonprecedential but persuasive authority in the District of Maryland).

14. USCIS is required to give notice of an approval or denial for all properly filed benefits requests. *See* 8 C.F.R. § 103.2(b)(19) (defining procedures for notification of approvals); 8 C.F.R. § 103.3 (defining notification procedures for denials).

15. USCIS received Plaintiffs' Form I-130 on December 20, 2024, and assigned receipt number IOE9823993476. Exs. A, F. USCIS has not issued an approval, denial, request for evidence, or otherwise completed adjudication of the petition.

16. Plaintiffs' counsel sent a written demand to USCIS by USPS requesting adjudication of the Form I-130 on or around September 4, 2026. Ex. D (USPS Tracking No. 9405530109355450456904).

17. While the Form I-130 has been pending, Beneficiary is currently in removal proceedings in Hyattsville, Maryland. The Immigration Court has required all applications for relief to be filed by October 13, 2026. Ex. C.

18. USCIS administratively closed Beneficiary's related Form I-485 for adjustment of status, receipt number IOE0933967655, because USCIS lacks jurisdiction to adjudicate adjustment of status while those removal proceedings remain pending. Ex. B.

19. Therefore, Beneficiary risks a removal order because the Immigration Judge cannot grant adjustment of status relief without the predicate I-130 granted by USCIS. Continued delay thus forecloses the opportunity to seek adjustment of status in Immigration Court before the October 13, 2026 filing deadline for all forms of relief from removal.

20. Defendants have thus unlawfully withheld or unreasonably delayed adjudicating the Form I-130 petition.

21. The Fourth Circuit looks to the TRAC factors as guidance when a statute or regulation requires the agency to act, but is not limited to these factors and is not required to use them. *Gonzalez v. Cuccinelli*, 985 F.3d 357, 374–76 (4th Cir. 2021) (citing *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984); *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099 (D.C. Cir. 2003)).

22. The six TRAC factors are: (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind

agency lassitude in order to hold that agency action is unreasonably delayed. *See Gonzalez*, 985 F.3d at 375 (citing *TRAC*, 750 F.2d at 80).

23. The first and second TRAC factors favor Plaintiffs because the agency's time must be governed by a rule of reason. There is no congressional deadline for I-130 adjudication. The APA's command that the agency conclude a matter "within a reasonable time," 5 U.S.C. § 555(b). The petition has remained at the initial-receipt stage for more than twenty months, without an interview, request for evidence, transfer, or other adjudicative step.

24. USCIS publishes historic national median processing times for immediate-relative I-130 petitions. They were 4.9 months in fiscal year 2016, 6.5 months in fiscal year 2017, 7.6 months in fiscal year 2018, 8.6 months in fiscal year 2019, 8.3 months in fiscal year 2020, 10.2 months in fiscal year 2021, 10.3 months in fiscal year 2022, 11.8 months in fiscal year 2023, 11.7 months in fiscal year 2024, 14.4 months in fiscal year 2025, and 12.9 months in fiscal year 2026 through June 30, 2026. *See* USCIS, Historical National Median Processing Time (in Months) for All USCIS Offices for Select Forms By Fiscal Year Fiscal Year 2021 to 2026 (up to June 30, 2026), available at https://egov.uscis.gov/processing-times/historic-pt.This petition has sat at the initial-receipt stage for more than twenty months.

25. As of September 7, 2026, USCIS's posted processing time for Form I-130 petitions filed by a U.S. citizen for a spouse, parent, or child under 21 and processed under Service Center Operations was 24 months. Ex. E.

26. The third and fifth TRAC factors favor Plaintiffs because the delay affects human welfare and prejudices concrete interests. Beneficiary is in removal proceedings, the related I-485 has been administratively closed for lack of USCIS jurisdiction, and the pending I-130 is a necessary predicate to the intended filing of relief applications due by October 13, 2026. And the I-130

petition is for an immediate relative under 8 U.S.C. § 1151(b)(2)(A)(i), so USCIS would be obligated to approve the petition under 8 U.S.C. § 1154(b) and thus allow Beneficiary the chance to adjust status in Immigration Court if the facts of the petition are true.

27. The fourth factor does not prevent this Court from ordering USCIS to adjudicate the Form I-130 because Plaintiffs seek only a decision on the Form I-130, not substantive approval on the I-130 or subsequent application to adjust status. And as for the sixth factor, this Court does not require proof of bad faith or impropriety to expedite relief in requesting that USCIS adjudicate the Form I-130 petition.

28. Separately, this case should not be considered under a motion to dismiss if Defendants seek to file such a motion, as "[a] claim of unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage and should not typically be resolved at that stage. *Gonzalez*, 985 F.3d at 375.

**COUNT II**
**MANDAMUS IN THE ALTERNATIVE**
**28 U.S.C. § 1361**

29. Plaintiffs plead mandamus relief in the alternative under 28 U.S.C. § 1361 and reallege the preceding paragraphs.

30. Mandamus relief requires (i) a clear right to the relief requested, (ii) a clear duty on the defendant to perform that act, and (iii) no other adequate remedy. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

31. First, Plaintiffs have a clear right to a decision on the properly filed I-130, *see* 8 U.S.C. § 1154(b) (mandating approval of certain petitions for immediate relatives defined under 8 U.S.C. § 1151(b)(2)(A)(i) if the facts in the petitions are true).

32. Second, Defendants have a clear and nondiscretionary duty to adjudicate it within a reasonable time, *see* 5 U.S.C. § 555(b) (stating under the APA that "within a reasonable time, each agency shall proceed to conclude a matter presented to it."). Defendants must issue a decision and approve the petition if the facts stated in the petition are true and the alien in behalf of whom the petition is made is an immediate relative. *See* 8 U.S.C. § 1154(b).

33. And third, Plaintiffs have no adequate alternative remedy to obtain adjudication of the I-130. The Immigration Court cannot adjudicate the I-130. And a mandamus "against a public official" while "not favored except in extraordinary situations[,]" is permitted when the "alleged duty to act involves a mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt." *See First Federal Savings & Loan Ass'n,* 860 F.2d 135, 138 (4th Cir. 1988).

34. Mandamus relief is therefore appropriate as an alternative basis for an order requiring Defendants to adjudicate the petition, without directing the substantive outcome of the adjustment of status Beneficiary seeks in Immigration Court once the Form I-130 is approved.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

(a) Assume jurisdiction over this matter;

(b) Declare that Defendants have unreasonably delayed adjudication of Form I-130, receipt number IOE9823993476;

(c) Order Defendants to adjudicate the petition within thirty days of the Court's order, or within another period the Court determines reasonable;

(d) Retain jurisdiction to ensure compliance with the Court's order;

(e) Award costs and attorneys' fees available under applicable law, including the Equal Access to Justice Act, 28 U.S.C. § 2412, if legally available; and

(f) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 23, 2026

/s/ *Idi Chambers, Esq.*
IDI CHAMBERS
Maryland. Bar No. 31958
Chambers Law Firm PC
1997 Annapolis Exchange, Suite 300
Annapolis, MD 21401
Telephone: (401) 650-4446
idi@chamberslawlawyers.com
Attorney for Plaintiffs

/s/ *Saman Movassaghi, Esq.*
SAMAN MOVASSAGHI
Fla. Bar No. 0676527
U.S. Immigration Law Counsel
3350 SW 148th Ave., Ste. 110
Miramar, FL 33027
Telephone: (954) 240-1669
Facsimile: (954) 642-2445
saman@FL-ILC.com
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND SOUTHERN DIVISION**

**LUIS ALBERTO TIRADO GARCIA, ERIN MARIE GARCIA,**

*Plaintiffs,*

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES,**

et al.,

*Defendants.*

Civil Action No.: 26-3758

Exhibit Index

A. Form I-130 Receipt Notice

B. Form I-485 Notice of Administrative Closure

C. Scheduling Order for Immigration Court

D. Proof of Demand for Expediting Adjudication Before USCIS

E. Service Center Operations Processing Time, USCIS

F. Case Status Online, USCIS.